1  H. Jasmine Dzhanszyan SBN 240462
   Ray Bulaon, Esq. SBN: 193008
2  **Ray Bulaon Law Offices, Inc.**
   315 Arden Ave. Suite 22
3  Glendale, CA 91203
   (818) 243-7745 Telephone
4  (818) 243-7795  Facsimile

5  Attorney for Debtors

6

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10  In re:                                    | Case No: 8:10-bk-18914-RK
                                              | Chapter 13
11  RONNIE CRUZ EVARISTO and
                                              | **NOTICE OF MOTION AND MOTION
12  GIZZEL SISON INOCILLAS EVARISTO           | FOR ORDER VALUING REAL
                                   Debtors,   | PROPERTY, SUSPENDING MORTGAGE
13                                            | PAYMENTS TO JP MORGAN CHASE
                                              | BANK. AKA CHASE HOME FINANCE,
14  ──────────────────────────────           | PROFESSIONAL RECOVERY
                                              | SERVICES, AND ALLIED
15  RONNIE CRUZ EVARISTO and                  | INTERNATIONAL CFEDIT CORP,
                                              | ORDER AVOIDING WHOLLY
16  GIZZEL SISON INOCILLAS EVARISTO,          | UNSECURED JUNIOR LIEN OF JP
                                              | MORGAN CHASE BANK, CHASE HOME
17                                            | FINANCE, PROFESSIONAL RECOVERY
                                   Movants,   | SERVICES, AND ALLIED
18  v.                                        | INTERNATIONAL CFEDIT CORP,
                                              | MEMORANDUM OF POINTS AND
19  JP MORGAN CHASE BANK,                     | AUTHORITIES; DECLARATION OF
                                              | DEBTORS**
20  CHASE HOME FINANCE,
                                              | Date:    10/13/2010
21  PROFESSIONAL RECOVERY SERVICES,           | Time:    4:00 P.M.
                                              | Place:   411 West Fourth Street
22  ALLIED INTERNATIONAL CREDIT CORP,         |          Santa Ana, CA 92701
                                              |          Courtroom: 5D
23
24                                Respondents
25
26
27
28

                                    -1-

1  TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY

2  JUDGE; CHAPTER 13 TRUSTEE; JP MORGAN CHASE BANK; CHASE HOME

3  FINANCE, PROFESSIONAL RECOVERY SERVICES, AND ALLIED INTERNATIONAL

4  CFEDIT CORP; AND ALL OTHER INTERESTED PARTIES:

5  **PLEASE TAKE NOTICE** that on October 13, 2010 at 4:00 p.m. or soon thereafter as the

6  matter may be heard before the Honorable ROBERT KWAN, United States Bankruptcy Judge, in

7  courtroom 5D, of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana,

8  CA 92701, Ronnie and Gizzel Evaristo, hereinafter "Debtors", through their attorneys, Ray Bulaon

9  Law Office, Inc., will move and hereby do move this court for an order valuing real property,

10  suspending mortgage payments, and avoiding wholly unsecured junior lien of  JP Morgan Chase

11  Bank, aka Chase Home Finance, with Professional Recovery Services and Allied International Credit

12  Corp as collection agencies pursuant to Bankruptcy Code Sections 506 and 105.

13  This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of

14  Points and Authorities, the Declaration of the debtors, Declaration of Stephanie Shanfeld of Shanfeld

15  Appraisals, the statements of counsel made at the hearing, the court file and any other evidence

16  presented to the Court at the time of the hearing.

17  **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires any

18  opposition to this motion to be filed and served on the moving party and the United States Trustee no

19  later than 14 days before the date of the hearing.

20

21  Dated: September 7, 2010

22

23                              Respectfully submitted,
                                RAY BULAON LAW OFFICES, INC.
24

25

26                              Jasmine Dzhanszyan
                                Attorney for Debtors
27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3      I.    **STATEMENT OF FACTS**

4         On June 30, 2010, Debtors commenced a case under chapter 13 of Title 11 of the United Sates

5 Bankruptcy Code, which was assigned case number 8:10-bk-18914RK.

6         At all times relevant, Debtors were the owners and occupiers of the property located at 10411

7 Garden Grove Blvd, Apt 14, Garden Grove, CA 92843 (hereinafter "Real Property"). As of the filing

8 date, the Real Property had a value of $200,000. A declaration by Stephanie Shanfeld of Shanfeld

9 Appraisals and a true and correct copy of the appraisal is attached hereto and incorporated by

10 reference herein as Exhibit "A".

11         The Real Property is subject to a First Deed of Trust in favor of Chase Home Finance, LLC

12 (hereinafter "Chase") which is owed a balance of $289,123.24 as of the filing date. A true and

13 correct copy of Chase's Loan Modification Agreement and proof of claim are attached hereto and

14 incorporated by reference herein as Exhibits "B" and "C". A true and correct copy of First Trust

15 Deed holder's recorded Deed of Trust is attached as Exhibit "D"

16         The Real Property is subject to a second deed of trust in favor of JP Morgan Chase Bank, aka

17 Chase Home Finance, which assigned collection of the account to Allied International Credit Corp

18 and Professional Recovery Services, (hereinafter "JP Morgan Chase"), which is owed a balance of

19 $59,579.36 as of the filing date. A true and correct copy of JP Morgan Chase's mortgage statement is

20 attached hereto and incorporated by reference herein as Exhibits "E". JP Morgan Chase has not filed

21 a Proof of Claim at this time. A true and correct copy of the Second Trust Deed holder's Deed is

22 attached as Exhibit "F"

23      II.    **POINTS AND AUTHORITIES**

24      A. The Real Property Should be Valued at $200,000 Pursuant to the Declaration of Stephanie

25           Shanfeld of Shanfeld Appraisals

26         Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure (hereinafter "FRBP"), "[t]he

27 court may determine the value of a claim secured by a lien on property in which the estate has an

28

1    interest, or motion of any party in interest and after a hearing on notice to the holder of the secured

2    claim and any other entity as the court may direct…"

3         In this case, Debtors have provided the Court with a full appraisal of the Real Property

4    showing a market value of $200,000. The appraisal of the Real Property was completed on 05-17-

5    2010 and was prepared by a disinterested, duly qualified expert within the meaning of Fed. R. Evid.

6    702. A declaration by Stephanie Shanfeld of Shanfeld Appraisals and a true and correct copy of the

7    appraisal is attached as Exhibit "A".   A declaration by the debtors is also attached as evidence of the

8    value of the real property.

9    B.   The Lien of JP Morgan Chase Should be Deemed as Entirely Unsecured and Mortgage

10        payments Should be Suspended

11    Section 506 of the Bankruptcy Code provides in pertinent part:

12              Determination of secured status

13              (a)(1) An allowed claim of a creditor secured by a lien on property in
                which the estate has an interest, or that is subject to setoff under section
14              553 of this title, is a secured claim to the extent of the value of such
                creditor's interest in the estate's interest in such property, or to the extent
15              of the amount subject to setoff, as the case may be, and is an unsecured
                claim to the extent that the value of such creditor's interest or the amount
16              so subject to setoff is less than the amount of such allowed claim.  Such
                vale shall be determined in light of the purpose of the valuation and of the
17              proposed disposition or use of such property, and in conjunction with any
                hearing on such disposition or use or on a plan affecting such creditor's
18              interest.
19

20    Additionally, section 506(d) states that, "[t]o the extent that a Lien secures a claim against the

21    debtor that it is not an allowed secured claim, such lien is void."

22         In the Ninth Circuit Bankruptcy Appellate Panel Case, In re Lam, the Court concurred with

23    the holding of several cases that permitted modification of secured creditor's claims that were wholly

24    unsecured.  121 B.R. 36, 41 (9th Cir. B.A.P. 1997).

25         The Ninth Circuit allows the stripping off of the wholly unsecured voluntary mortgages where

26    there is no equity to attach. In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).  In doing so, the avoided

27    lien is then paid along with all other unsecured creditors and not like the first mortgage with monthly

28    mortgage payment declarations.

1    The Real Property was valued at $200,000 by Stephanie Shanfeld of Shanfeld Appraisals.

2    Chase, as the first trust deed holder, has a lien on the property for $289,123.24 and JP Morgan Chase,

3    as the second trust deed holder, has a lien on the property for $59,579.36.  Per section 506 of the

4    Bankruptcy Code, the claim of the creditor is secured to the extent of the value of the property.

5    Clearly, JP Morgan Chase's claim is wholly unsecured and there is no equity for it's lien to attach, as

6    evidenced by the appraisal and mortgage statements.   Furthermore, the mortgage payments to JP

7    Morgan Chase should be suspended.

8    **III.    Conclusion**

9    For all of the reasons set forth above, debtors respectfully request that the value of the Real

10    Property in question is determined to be $200,000; that the mortgage payments to JP Morgan Chase

11    are suspended; an Order is entered that the JP Morgan Chase claim is a general unsecured claim, is

12    extinguished, and has no further force or effect as a secured lien against the Debtors' residential

13    property.  In the alternative, the Debtors respectfully request to deem the Second lien as an unsecured

14    claim during the life of the Debtors Chapter 13 plan, that upon the completion of all plan payments

15    and entry of discharge in this case, the lien of JP Morgan Chase will be void and will not constitute

16    an encumbrance on the real property described, that upon completion of all plan payments and upon

17    entry of discharge in this case, JP Morgan Chase is ordered to expeditiously re-convey the Deed of

18    Trust and otherwise take such steps as are required to clear title free of said lien as to the real

19    property in question.

20

21    DATED:  September 7, 2010

22                                                    Respectfully submitted,
                                                       RAY BULAON LAW OFFICES, INC.
23

24

25                                                    Jasmine Dzhanszyan
                                                       Attorney for Debtors
26

27

28

-5-

# DECLARATION OF RONNIE AND GIZZEL EVARISTO

We, Ronnie and Gizzel Evaristo, declare as follows:

1.   We are the debtors in the Chapter 13 case herein and if called upon as a witness, we could and would testify competently to the following facts from our own personal knowledge.

2.   On June 30, 2010, we filed a Chapter 13 Bankruptcy in the Court herein, Case No. 8:10-bk-18914-RK.

3.   We are the owners and occupiers of the property located at 10411 Garden Grove Blvd, Apt 14, Garden Grove, CA 92843 (hereinafter "Real Property".)

4.   To the best of our knowledge the Real Property is valued at $200,000. A true and correct copy of the appraisal report and declaration of Stephanie Shanfeld of Shanfeld Appraisals attached hereto as exhibit "A"

5.   The Real Property is subject to a First Deed of Trust in favor of Chase Home Finance, LLC (hereinafter "Chase") which is owed a balance of $289,123.24 as of the filing date. A true and correct copy of the Chase Loan Modification Agreement is attached hereto as exhibit "B". A true and correct copy of the Proof of Claim filed by Chase is attached hereto as Exhibit "C". A true and correct copy of Chase's Trust Deed is attached hereto as Exhibit "D".

6.   The Real Property is subject to a second deed of trust in favor of JP Morgan Chase Bank, aka Chase Home Finance, which assigned collection of the account to Allied International Credit Corp and Professional Recovery Services, (hereinafter "JP Morgan Chase"), which is owed a balance of $59,579.36 as of the filing date. A true and correct copy of JP Morgan Chase's mortgage statement is attached hereto as Exhibit "E". A true and correct copy of JP Morgan Chase's trust Deed attached hereto as Exhibit "F".

1    We declare under penalty of perjury under the laws of the United

2    States and the State of California that the foregoing is true and

correct.

3

4

DATED:    9/8/10

5

6    *Ronnie C. Evaristo*
_____
7    Ronnie Cruz Evaristo Declarant - Debtor

8    *Gizzel Evaristo*
_____
9    Gizzel Sison Evaristo Declarant - Debtor

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| In re:                                          |            | CHAPTER 13 |
| Ronnie Cruz Evaristo and Gizzel Sison Evaristo  |            |            |
|                                                 | Debtor(s). | CASE NUMBER 8:10-bk-18914-RK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
315 Arden Ave., Suite 22, Glendale, CA 91203

A true and correct copy of the foregoing document described <u>Notice of Motion and Motion Setting Property Value</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>9/8/10</u>   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Amrane Cohen, Trustee: efile@ch13ac.com**
- **U.S. Trustee, Santa Ana: ustpregion16.sa.ecf@usdoj.gov**
- **William Malcolm on behalf of Chase Home Finance: bill@mclaw.org**

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On <u>9/8/10</u>   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/8/10 | Irene Hakopian | |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

Ronnie and Gizzel Evaristo
10411 Garden Grove Blvd. #14
Garden Grove, CA 92843

Chase Home Finance, LLC
3415 Vision Dr.
Attn: OH4-7302
Colombus, OH 43219

Allied International Credit Corp.
100 E. Shore Dr. 3rd Floor
Glenallen, VA 23059

Allied International Credit Corp.
c/o CSC-Lawyers Incorporating Service
Agent for Service of Process
2730 Gateway Oaks Dr. #100
Sacramento, Ca 95833

Professional Recovery Services
Po Box 1880
Voorhees, NJ 08043

Chase
Po Box 78036
Phoenix, AZ 85062-8035

JP Morgan Chase
Jasmes Dimon CEP
270 Park Ave.
New York, NY 10017
(CERTIFIED MAIL)

CT Corporation System
Agent for Service of Process for
Chase Home Finance & JP Morgan Chase Bank
818 W. 7th St.
Los Angeles, CA 90017

CT corporation System
818 W. 7th St.
Los Angeles, CA 90017